# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**IRA HAROLD WEXLER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 1:17cv284-MW/CAS**

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

At the time of case initiation, Plaintiff filed a motion requesting leave to proceed in forma pauperis, ECF No. 2, but the motion was insufficient because it was not supported by a financial affidavit demonstrating Plaintiff qualified for in forma pauperis status. An Order was entered directing Plaintiff to file an amended in forma pauperis motion on the Court's form. ECF No. 9.

On December 18, 2017, a motion for leave to appeal in forma pauperis was filed in this case. ECF No. 10. There were numerous problems with that motion and an Order was entered explaining those deficiencies to Plaintiff and providing him with an opportunity to file another

amended in forma pauperis motion. ECF No. 12. After that Order was entered, Plaintiff filed a duplicate of his earlier motion, ECF No. 10. ECF No. 13. It remains insufficient, for the same reasons the first motion was insufficient. First, the motions are not signed by the Plaintiff. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Moreover, Local Rule 5.1 requires that "[a] document filed by a pro se party must include a signature block with the party's handwritten signature . . . ." N.D. Fla. Loc. R. 5.1(E). Because Plaintiff's signature is not included on the document, Rule 11 directs the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Second, it does not appear that the motions were filed by Plaintiff Wexler. A type written statement indicates the motion was written "on behalf of the plaintiff," ECF Nos. 10 at 1 and 13 at 1, but other persons are not permitted to draft or file motions for Plaintiff, or on his behalf, unless that person is an attorney. The instant motions were certainly not filed by an attorney and, moreover, no notice of appearance of counsel has been

Page 3 of 4

filed in this case. Plaintiff is proceeding pro se in this case and all documents must be written by him, and contain his signature.[1]

Third, Plaintiff was previously required to file an amended in forma pauperis motion on the form provided to him by the Clerk of this Court. The Clerk did not provide Plaintiff with a form for filing an in forma pauperis motion on appeal. That is so because there is nothing to appeal. This case has not yet been dismissed nor final judgment entered.

Plaintiff has already been provided several opportunities to comply with court orders. He was warned in the last Order, ECF No. 12, that he would be provided "one final opportunity to file a proper in forma pauperis motion." He was also cautioned that if he did "not comply, a recommendation [would] be made to dismiss this case." *Id.* The January 12, 2018, deadline has now expired and nothing further has been received from Plaintiff. This case should now be dismissed.

---

[1] A prior Order also addressed this issue when reviewing Plaintiff's original complaint because it appeared that another person was assisting, or writing, the complaint for Plaintiff. *See* ECF No. 9. That Order advised that if another person assists Plaintiff in submitting the amended complaint, the identity of the author must be disclosed to this Court. "Ghost writing" a complaint is not permitted. *Id.*

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with Court Orders, and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2018.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:17cv284-MW/CAS